The next item, also a motion for bail, is United States v. Weaver. Thank you. You may proceed. Thank you, Your Honor. Good morning. May it please the Court. George Hicks for Appellant Edward Weaver. As set forth in our motion, there are three substantial questions that merit Mr. Weaver's continued release pending appeal. I won't belabor two of those points. I think they're pretty well set forth in our motion. I also won't really belabor that Mr. Weaver is not a flight risk. I know the government put up a little bit of opposition to that, but I think that our reply makes very clear that not one of these statutory factors Really, we're talking about whether this is a substantial question. That is correct. I mean, he All of the counts of conviction. How many counts of conviction are there? I believe there are six, most of which are fraud convictions. And actually, what I want to talk about today is the substantial question concerning the express contractual disclaimers on the fraud conviction. Now, I think that this is about as prototypical a Do you not have to convince us or persuade us of all of the counts of conviction? Most of our questions, the substantial questions go towards all but one of the convictions because all but one is fraud-based. There is one remaining I understand that, but you've got to convince us as to all of them. Is that correct? That is correct in the sense of, you know, warranting a new trial or an acquittal. But I think that the substantial questions that we presented in particular, first of all, just as to the false statement count, the government doesn't dispute and we note this in a footnote in our opening brief, that Mr. Weaver was sentenced to 60 months, even though the guideline range is zero to six months. And so if you find that there would be, if there would be a reversal or a new trial on the fraud counts, it would almost certainly necessitate a resentencing on the false statement count because there was no explanation provided for why that would be higher. But to get back to And as to all the fraud counts, the argument you're making about the disclaimer obtains to all of them? That is correct, Your Honor. And we do think that this is a question of first impression in this circuit. The government does not dispute that. To be sure, there is no reliance element in criminal fraud. However, neither this Court nor the Supreme Court has ever said anything about whether expressed contractual disclaimers can nevertheless preclude fraud, in particular because of the materiality elements of criminal fraud. And as we point out in our reply, there are a number of courts of appeals that discuss, and I say, I quote, the common-sense relationship between materiality and reliance. And if I can, I'd like to point out the juxtaposition between what this Court has said about reliance and what the Supreme Court has said about materiality in the fraud context. So this Court's leading case on reliance is the Grumman case, which we do cite, and this Court has said, Where a party specifically disclaims reliance upon a representation in a contract, that party cannot, in a subsequent action for fraud, assert it was fraudulently induced to enter into the contract by the very representation it has disclaimed. Now, that's reliance. What the Supreme Court just last term said about materiality is the following. A misrepresentation is material only if it would likely induce a reasonable person to manifest his assent or, in the same opinion, a misrepresentation is material if it will induce action by a complaining party, knowledge of which would have induced the recipient to act differently. So, you know, at the least, we think there's a very substantial question, and that, by the way, is the United Health Services case from last term. The site is 136, Supreme Court, 1989. So we think that, at the very least, as other courts of appeals have recognized, there is a substantial question concerning this relationship between reliance and materiality, such that, although there may not be reliance in a criminal fraud case, there is materiality, and the effect of the relationship between reliance and materiality comes to bear when you've got these sort of very specific express disclaimers that every single customer signed. If I may, in my remaining time, I just want to talk about some of the government's arguments on that point. They do not dispute that this is a question of first impression. They do not, in fact, really say much at all about the relationship between materiality and reliance. The one case they point out is the Seventh Circuit case, the Ghilarducci case. You know, with all respect, that, you know, was addressing, first of all, sufficiency of the evidence argument. But more important, you know, the keystone of the Seventh Circuit's decision was a statement that, well, their misrepresentations must have been material, because otherwise, why would the defendant have said them? You know, with all respect to the Seventh Circuit, I think that's obviously a very circular argument that doesn't really answer the question that would be before this Court. And again, as has been pointed out, you know, it's not our burden at this point to, you know, after full briefing, prevail on the merits, but I do think that this, in addition to our other two questions, but this in particular, is about as prototypical a substantial question of law that you're going to see. Roberts. Is there a reason why your submission is not at least in part under seal? I'm sorry. Can you say that again, Your Honor? Is there a reason why your submission, your initial submission, isn't at least in part under seal? I don't believe there is. You've got a pre-sentence report with your client's Social Security number and other information. If that is the case, I apologize, Your Honor. We came into this case after the trial, and Mr. Weaver has a surrender date of January 9, and so we, you know, we're acting under it. You might want to consider something, some request, because there's a lot of personal information here. And we would be happy to rectify that right after this. Thank you. Your time has expired. We'll hear from the government. May it please the Court. We'll have him in on behalf of the United States. To begin with, Your Honor's initial question, it is true that Mr. Weaver's burden at this stage is to show that he's entitled to either a new trial or acquittal on all counts. And he has discussed the fraud counts at issue here, but there is also a false statement count at issue. And it is not enough for him to argue that he would be entitled to resentencing on the false statement count if the fraud counts go away. He has to show that he is entitled to a new trial or acquittal with respect to everything. And so even if the Court thinks that there may be – Before you get to the substantial question issue or series of issues, do you really believe that he is a flight risk? He's got a 9-year-old, a 5-year-old. He coaches. He's at home. He hasn't exhibited any symptoms, for lack of a better word, of someone who wants to flee. The reason you say he's a flight risk is because his hope for an acquittal has been extinguished? That seems a little thin. Your Honor, I certainly understand these questions. And I – you know, our argument does not rise and fall on the question of flight risk. I do note that after trial or after a conviction, it is the defendant's burden to show, like, fear in convincing evidence. I understand that. So your real argument is that there is no substantial question here. That is right. And I do point out, Your Honors, that Mr. Weaver has presented those arguments on appeal, but did not present those arguments to the district court. The district court didn't have a chance to pass on those arguments. The government didn't have a chance to respond. And so – but I'm happy to proceed to the question. Do you assume a chance? I only note that those arguments – normally when a defendant does not raise an argument below, those arguments are deemed forfeited. And by addressing them here, you're not acknowledging – you're not conceding that there wasn't a waiver or a forfeiture of those arguments? That's right. But moving to the question as to whether or not he raises a substantial question on appeal, I do note he has to make that point with respect to all of the counts of conviction, and I don't think he's done so here, even if the Court thinks that there may be such a question with respect to the fraud counts. But going to the fraud counts, I think that what Mr. Weaver is doing is he is trying to import the standard for justifiable reliance, which is an element of civil but not criminal fraud, into the materiality requirement. And every court to address such an attempt has rejected it. And the Seventh Circuit did so expressly. It did so expressly in the Ghilarducci case. It also did so expressly in the case that we cite in our opposition, which is Rosby. And there, Judge Easterbrook said, and I quote, that the Supreme Court has excluded reliance as an element of criminal fraud, and so it will not do for appellate judges to roll reliance into materiality. That would add through the back door an element that is barred through the front door. And if you just look at the standard for materiality, the standard for materiality is not whether the victim was justifiable, was justified in relying on the misrepresentation. It is whether the misrepresentation would have the tendency to induce, to influence the decisionmaking. And what this — the way that this Court put it in its on-bank decision, Rybicki, is that — is the question is whether or not if the truth had been told, if the defendant had told the truth, that would have a tendency to affect the victim's decisionmaking. And here, there is no question, there can be no doubt, that if the victims of this fraudulent scheme had been told the truth about what Venstar really did, if they had been told the truth that these machines were essentially worthless, that they had no hope of making money, there is no question that they would not have entered into the contracts. You don't have to go that far. I agree that you don't have to go that far here. But I think that that is just the truth, and that is what is reflected in the record. And I note that the district court, in rejecting the argument that Mr. Weaver is presenting here today, said that the evidence of his guilt on materiality was overwhelming, and we think that that is absolutely right. As to — Mr. Weaver points out that this is a question of first impression in this Court. And, you know, I guess what I would say to that is that there are many arguments that are made for the first time in this Court, but that does not mean that those are close questions, and that is the standard that the Court applies. It is whether it is close, it is whether the Court could reasonably come to the opposite conclusion. And here, I do not think that there is any real question of whether or not the Court could come to the opposite conclusion as to this. If there are no further questions — Thank you. Thank you. We understand Mr. Weaver's report date is January 9th. We will deal with this with expedition, and we'll undoubtedly file an order today, no later than tomorrow. Thank you. Thank you both.